IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL MANUEL MONTOYA,

    Petitioner,

v.                                                                  No. CV 08-0598 RB/LAM
                                                                             CR 98-0514 RB

UNITED STATES OF AMERICA,
JEFF THOMAS, HARLEY LAPPIN,
C. LEROY HANSEN,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court, under Rules 1(b) and 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts, on Petitioner's Petition For Writ Of Habeas Corpus By Person In Federal Custody (*CV Doc. 1; CR Doc. 449*) (hereinafter, "Petition"), filed on June 23, 2008.[1]  In the caption of his Petition, Petitioner cites to *Fay v. Noia*, 372 U.S. 391, 441-43 (1963), apparently referring to the provisions of 28 U.S.C. § 2241 as the statutory basis of his Petition.

As a preliminary matter, the Court reviews the Petition under "the power inherent in every court to control the disposition of the causes on its docket."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  It is clear from the face of the document that Petitioner filed his Petition in the United States District Court for the District of Arizona and mailed a copy to this Court.[2]  The

---

[1] The Court, in its discretion, may apply any or all of the rules governing petitions for relief pursuant to 28 U.S.C. § 2254, to other habeas petitions.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] A check by this Court of the records of the United States District Court for the District of Arizona, using the PACER Service Center operated by the Administrative Office of the U.S. Courts, shows that Petitioner filed a federal habeas petition in that court on January 25, 2008, which was nearly identical to the Petition filed in this case.  The

Clerk of this Court then opened this civil case as a habeas corpus proceeding.  Pursuant to the Court's inherent power to control its docket, the Court will dismiss this later-filed, duplicate Petition.  *See Landis v. North American Co.*, 299 U.S. at 254; *and see also Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984) (noting courts' "inherent power . . . to regulate their docket, promote judicial efficiency, and deter frivolous filings.").

Alternatively, the gravamen of Petitioner's Petition is that the Government did not affirmatively prove subject matter jurisdiction in its indictment against him and this Court therefore lacked jurisdiction of Petitioner's criminal case.  However, the relief that Petitioner seeks by this argument, if available, must be pursued under 28 U.S.C. § 2255.  The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction or sentence.  *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus").  Petitioner's pro se characterization of his claims under § 2241 is not dispositive.  *See Roman-Nose v. New Mexico Dep't. of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992).

Petitioner's claims are expressly contemplated by § 2255: relief is available where "the court was without jurisdiction to impose such sentence."  28 U.S.C. § 2255(a).  In this circumstance,

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

---

caption of the Arizona proceeding, which is still pending, is: "Miguel Manuel Montoya v. United States of America, et al., Case No. CV 08-71-TUC-RCC."

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).  In light of the ruling in *Kelly*, the Court concludes that Petitioner should be notified of possible consequences if the Court were to recharacterize his Petition as a § 2255 motion.

On the other hand, the Court is not required to recharacterize the Petition.  In *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005), the court noted that a district court does not abuse its discretion in declining to recast a pleading under § 2255 if the § 2255 motion would be untimely.  Approximately eight years have passed since Petitioner's judgment became final, *see* § 2255(f) (limiting time for filing motion under § 2255 to one year), and the Court will decline to recharacterize his Petition as a § 2255 motion.  Because the relief sought by Petitioner is available only under § 2255, the Court will dismiss the Petition as presenting claims that are non-cognizable under 28 U.S.C. § 2241.  *See* Rules 1(b) and 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts; Rules 1(a)(2) and 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**IT IS THEREFORE ORDERED** that Petitioner's Petition For Writ Of Habeas Corpus By Person In Federal Custody (*CV Doc. 1; CR Doc. 449*), filed on June 23, 2008, is **DISMISSED without prejudice** as duplicative of an original petition filed in another district and, alternatively, as presenting claims that are non-cognizable under 28 U.S.C. § 2241; and this civil proceeding is **DISMISSED**.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**