# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                              No. CR 98-0514 RB

MIGUEL MANUEL MONTOYA

    Defendant-Petitioner.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matters is before the Court on Defendant's Writ Of Error Audita Querela (Doc. 454) filed on June 10, 2011 (hereinafter the "petition"). Defendant asserts that, under *United States v. Booker*, 543 U.S. 220 (2005), and related cases, his sentence is illegal. Furthermore, he contends that the Court lost subject matter jurisdiction of his sentencing as a result of constitutional errors in the presentence report. He asks that his sentence be adjusted and his presentence report corrected. The Court will dismiss the petition for lack of jurisdiction.

This Court entered judgment (Doc. 366) on Defendant's conviction on April 11, 2000. On March 1, 2001, Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 369). The Court dismissed the motion, *see* Docs. 387, 388, and the Court of Appeals for the Tenth Circuit the dismissed Defendant's appeal in the § 2255 proceeding, *see* Doc. 397. On June 23, 2008, several years after the Supreme Court issued its decision in *Booker*, Defendant filed a petition for writ of habeas corpus (Doc. 449). This Court dismissed the habeas corpus petition on July 31, 2008 (Doc. 450).

The relief that Defendant seeks against his sentence is not available under *audita querela*.

"[A] writ of audita querela is 'not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255.' " *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (internal citation omitted). The terms of § 2255 provide the exclusive avenue for attacking a federal criminal conviction or sentence, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus"),[1] and Defendant's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion.").

Defendant's claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States . . . , or . . . the court was without jurisdiction to impose such sentence." § 2255. "[T]he fact that section 2255 is no longer available does not mean that the federal remedies available at one point were not adequate or effective." *Braun v. Gallegos*, No. 02-1292, 2002 WL 31895074, at **1 (10th Cir. Dec. 31, 2002); *and see Graham v. Wands*, No. 10-1412, 2011 WL 44708, at *1 (10th Cir. Jan 7, 2011) ("Neither our rejection of [a] claim previously nor the inability to bring a related claim renders the remedy afforded by § 2255 ineffective."). Defendant may prosecute his claims only under the provisions of § 2255.

The Court may recharacterize Defendant's petition as a § 2255 motion under certain conditions. *See Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000). Here, however, because Defendant

---

[1] A defendant may seek a writ of habeas corpus if § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673, and the writ of error coram nobis remains available to a defendant who is not in custody, *see United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996).

has previously filed a § 2255 motion and the § 2255 limitation period has expired, the Court will not recharacterize this petition as a motion under § 2255. The Court is not required to recast a pleading as a § 2255 motion where relief "would, at least facially, 'be barred as untimely . . . or as second or successive [under 28 U.S.C. § 2255].' " *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (brackets in original); *and see United States v. Lowe*, 6 F. App'x 832, 836 (10th Cir. 2001) (finding no error in district court's decision not to recharacterize a pleading as a § 2255 motion). And, as the Tenth Circuit has stated, "if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *United States v. Nelson*, 465 F.3d at 1148; *and cf. Thornbrugh v. United States*, No. 10-5164, 2011 WL 2066564, at *2 (10th Cir. May 26, 2011) (noting that district court "properly held that it 'lack[ed] jurisdiction to consider [a successive § 2255] motion.' " Under the rulings in *United States v. Nelson* and *Thornbrugh v. United States*, the Court will dismiss Defendant's petition.

IT IS THEREFORE ORDERED that Defendant's Writ Of Error Audita Querela (Doc. 454) filed on June 10, 2011, is DISMISSED for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE