IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                        No. CR 98-0514 RB

MIGUEL MONTOYA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Montoya's Motion for Order for Compassionate Release and Memorandum in Support. (Doc. 477.) Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is well-taken and should be **GRANTED**.

**I.    Background**

On July 28, 1999, Mr. Montoya pled guilty to Counts I and VI of a Second Superseding Indictment charging conspiracy to possess with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Docs. 215; 266.) On March 2, 2000, United States District Judge C. LeRoy Hansen sentenced Mr. Montoya to 20 years imprisonment on Count I and 10 years imprisonment on Count VI, to be served consecutively. (Doc. 366.)

Mr. Montoya has served approximately 23 years of his sentence, and his anticipated release date is January 22, 2024. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Sept. 21, 2021). He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (*See* Doc. 477.)

1

**II.     Discussion**

Mr. Montoya seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Montoya filed such a request with the warden of FCI Bastrop on March 13, 2020. (Doc. 477-2.) The warden denied the request more than 30 days later on July 23, 2020. (*See* Doc. 477-1 at 1.) The Government does not contest that Mr. Montoya exhausted his administrative remedies for purposes of this motion. (*See* Doc. 480.)

Mr. Montoya asserts that extraordinary and compelling circumstances exist due to the unprecedented COVID-19 pandemic. (Doc. 477 at 4.) He argues that his age (63 years) and medical conditions (hyperlipidemia, chronic kidney disease stage 2, and essential thrombocytosis (ET)) put him at risk for severe illness from COVID-19. (*Id.*; *see also* Doc. 477-1 at 2.) The Government acknowledges that Mr. Montoya's "medical conditions are indeed concerning . . . ." (Doc. 480 at 11.) ET, a type of blood cancer, *See Essential Thrombocythemia*, Leukemia & Lymphoma Society, https://www.lls.org/myeloproliferative-neoplasms/essential-thrombocythemia (last visited Aug. 22, 2021), is a condition that puts Mr. Montoya at risk of

severe illness if he contracts COVID-19. *See Underlying Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated May 13, 2021). Similarly, chronic kidney disease also creates an increased risk of severe illness from COVID-19. *See id.* The Government argues, though, that because Mr. Montoya has been vaccinated against COVID-19, "he no longer presents an 'extraordinary and compelling reason' for release . . . ." (Doc. 480 at 12.) It also asserts that his medical conditions are being adequately treated by the BOP. (*Id.*)

Under the relevant guideline policy statement, an "extraordinary and compelling" circumstance is "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. Note 1(A)(ii). This Court has found on several occasions that where an inmate has underlying medical conditions that put them at increased risk of severe illness from COVID-19, they are more likely to show extraordinary and compelling circumstances that may qualify them for a sentence reduction. The Government contends that vaccination against COVID-19 alone is enough to negate a finding of extraordinary and compelling circumstances. The Court does not agree that vaccination, by itself, is enough to negate such a finding. Where, as here, an inmate has documented serious medical conditions, the Court has discretion to grant compassionate release regardless of an inmate's vaccination status.

Mr. Montoya's ET is "a chronic disease with no cure." *Essential thrombocythemia*, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/essential-thrombocythemia/symptoms-causes/syc-20361064 (last visited Aug. 22, 2021). Mr. Montoya's counsel asserts that due to Mr. Montoya's age and past ET symptoms (including nosebleeds and bleeding from his rectum (*see* Docs. 477 at 4; 477-3 at 18–19), he is at "High risk[, which] means that [he is] likely to develop

3

complications" from ET. (Doc. 477 at 5 (quoting *Essential thrombocytosis*, Canadian Cancer Society, https://www.cancer.ca/en/cancer-information/cancer-type/leukemia/leukemia/essential-thrombocytosis/?region=on (last visited Aug. 22, 2021)).) Given Mr. Montoya's age, multiple serious medical conditions, together with the COVID-19 pandemic that, despite vaccinations, is still causing outbreaks due to new variants and a large population of unvaccinated individuals, the Court finds that Mr. Montoya has shown extraordinary and compelling circumstances that may qualify for potential release in the face of the pandemic.

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> 
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government offers very little argument to show that Mr. Montoya would pose a danger to public safety if he were to be released. (Doc. 480 at 20.) It notes that Mr. Montoya "showed a propensity for violence because he . . . pled guilty to 'using and carrying a firearm' during the commission of his drug-trafficking crime." (*Id.*) It states that requiring Mr. Montoya to serve his remaining time will impress upon him the seriousness of his offense, promote respect for the law, and provide just punishment. (*Id.*)

In the same paragraph, the Government acknowledges and "commends [Mr. Montoya] for his efforts in rehabilitating himself by taking advantage of the educational and vocational programs offered by the BOP and for incurring only one minor disciplinary infraction during" the over twenty years of his incarceration. (*See id.*) It is true that Mr. Montoya has "focused on rehabilitating himself" by completing many job-related training programs, obtaining a commercial driver's license, and diving into positive programs including as a suicide watch companion,

Christian services preaching/teaching, visiting room aide, and others. (*See* Docs. 477 at 19; 477-2 at 1–1, 15–16.)

The Court recognizes the seriousness of Mr. Montoya's role and the harm drug trafficking poses to our communities. The Court also notes that his past convictions resulted in a criminal history category of III. (*See* PSR ¶¶ 37–41.) Yet, Mr. Montoya's single disciplinary incident, coupled with his consistent work to better himself and prepare for life after prison, demonstrate that incarceration has served its intended purpose in this case.

Mr. Chris Peña of the United States Probation Office has reviewed Mr. Montoya's proposed release plan. (*See* Docs. 487–488.) Mr. Peña states that Mr. Montoya proposes to reside with his brother in Las Cruces, New Mexico. (Doc. 488.) He "conducted a home visit" and found that the residence is "suitable for [Mr. Montoya's] release and no concerns were noted during the home visit." (*Id.*) Mr. Montoya's brother "is willing to assist [Mr. Montoya] with housing, transportation and financially until [he] obtains employment." (*Id.*)

Considering goodtime credits, Mr. Montoya has served the vast majority of his 30-year sentence. Under these circumstances, the Court finds that the sentence he has served thus far is adequate under § 3553(a). Accordingly, the Court will grant Mr. Montoya's motion and reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court strongly encourages Mr. Montoya to seek out drug and alcohol counseling through a 12-step or similar program upon his release.

Prior to his release, Mr. Montoya must quarantine in BOP custody for a period of 14 days to avoid any potential exposure of the community to COVID-19. BOP shall begin calculation of the 14-day quarantine period on the day BOP receives this Order. Finally, Mr. Montoya must test

negative for COVID-19 during his quarantine period, subsequent to any positive tests and prior to his release from BOP custody.

**THEREFORE,**

**IT IS ORDERED** that Mr. Montoya's Motion for Order for Compassionate Release (Doc. 477) is **GRANTED** and his sentence is reduced to time served.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE